# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| TYCON SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TYCON SECURITY ADVANTAGE SYSTEM LLC and FRANK VUONG, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER RE MOTION FOR LEAVE FOR ALTERNATIVE SERVICE <br><br> Case No. 2:24-cv-350 HCN DBP <br><br> District Judge Howard C. Nielson, Jr. <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiff Tycon Systems, Inc. seeks alternative service of process via email consistent with Fed. R. Civ. P. 4(e)(1) and as authorized by California law.[1] For the reasons set forth herein, the court grants the motion.[2]

## BACKGROUND

On May 16, 2024, Plaintiff Tycon filed a Complaint for trademark infringement, false advertising, and unfair competition under the Lanham Act. Tycon alleges Defendant Tycon Security Advantage System LLC is a California Limited Liability Company that is now defunct. Defendant Frank Vuong is allegedly a California resident residing in San Diego, California. Tycon used a California process server, who attempted service multiple times on Defendants at a listed California address, which is the same for both Defendants. The individual residing at the address stated Defendants were not known to them.

---

[1] ECF No. 8.

[2] Per Plaintiff's information, the court also orders service via certified mail to the address listed on Defendants' website: 12667 8th St., Garden Grove, CA 92840.

Defendants' website provides three emails for contacting it along with a different physical address.[3] Tycon proposes effecting service via email along with sending a copy of the Summons' and Complaint by certified mail to the physical address listed on Defendants' website.

## DISCUSSION

The Federal Rules of Civil Procedure provide that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[4] Here, the physical address for Defendants is located in California, and based on the record before the court, public information also suggests Defendants are located in California. Thus, the court agrees with Plaintiff that it may apply California law under Rule 4(e)(1) because California is "where service is made."

California's Code of Civil Procedure includes no provision for service by email. Yet, it does offer a broad framework for alternative service:

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.[5]

Other courts allowing alternative service under California law have permitted service via email where it was reasonably calculated to give actual notice to the defendants.[6]

---

[3] info@tyconusa.com, sales@tyconusa.com, and RMA@tyconusa.com. The physical address is listed as 12667 8th St., Garden Grove, CA 92840.

[4] Fed. R. Civ. P. 4(e)(1).

[5] Cal. Civ. Proc. Code § 413.30.

[6] *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (noting the defendants are "engaged in internet-based commercial activities and rely on email as a means of

Based on the circumstances in this case, Plaintiff has demonstrated that it has taken reasonable steps to effect service upon Defendants. Thus, the court finds it proper to permit alternative service and grants the motion. Service by email, coupled with a copy of the summons and complaint sent via certified mail to an address listed on Defendants' website, is reasonably calculated to provide actual notice to Defendants and is permissible under California law.

## ORDER

For the foregoing reasons, the Motion for Alternative Service of Process is GRANTED. Plaintiff may serve this Order, the Summons, and the Complaint on Defendants via the emails listed in the motion and set forth above, return receipt requested. Plaintiff must include proof that it has attempted, at a minimum, to verify actual receipt of the email message. Plaintiff is to also send a copy of this Order, the Summons, and the Complaint via certified mail to the physical address listed on Defendants' website.

IT IS SO ORDERED.

DATED this 3 June 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

communication" and permitting email service); *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *2 (N.D. Cal. Sept. 6, 2011) (allowing service via email and by publication).